FILED
CLERK
2/4/2019 2:37 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
REGINA PERRY,

                Plaintiff,

    -against-

TERESA KELLY,

                Defendant.
-----------------------------------------------------------------X

**ORDER**
18-CV-05116 (JMA) (GRB)

**AZRACK, United States District Judge:**

      On September 10, 2018, plaintiff Regina Perry ("Plaintiff") filed a pro se complaint on the Court's employment discrimination complaint form against Teresa Kelly ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII").  Accompanying the complaint is an application to proceed in forma pauperis.  Upon review of the declaration accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1).  Accordingly, Plaintiff's request to proceed in forma pauperis is **GRANTED**.  However, because Title VII does not provide for individual liability, Raspardo v. Carlone, 770 F.3d 97, 113 (2d Cir. 2014), Plaintiff's claims against the Defendant are not plausible and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  Title VII also provides, in relevant part, that:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin[.]

42 U.S.C. § 2000e-2(a)(1).  "The sine qua non of a . . . discriminatory action claim under Title VII is that the discrimination must be because of [a protected characteristic]."  Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (internal quotation marks and citation

omitted). Although an employment discrimination plaintiff "need not plead a prima facie case of discrimination," Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002), she "must plausibly allege that (1) the employer took adverse action against h[er] and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015); see also Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015) (holding that in order to state a plausible Title VII claim at the pleadings stage, the plaintiff need only satisfy the "minimal burden of showing facts suggesting an inference of discriminatory motivation"); De La Pena v. Metro. Life Ins. Co., No. 13-CV-2852, 2014 WL 308005, at * 1 (2d Cir. Jan. 29, 2014) (summary order) (holding that a dismissal of an employment discrimination claim "for failure to allege facts showing a plausible inference of discrimination is wholly consistent with Swierkiewicz" ); Patane, 508 F.3d at 112 n.3 (affirming dismissal where the plaintiff "failed to allege even the basic elements of a discriminatory action claim").

Here, although Plaintiff has checked the box on the form complaint to allege that her claims are brought pursuant to Title VII, she has left blank the section on the form complaint that calls for the protected characteristic upon which her claims are based. (Compl. ¶¶ II., III. D.) Nor does Plaintiff include any allegations concerning her protected characteristic or that she was discriminated based on any protected characteristic. (Id. at 6.) Rather, Plaintiff alleges that:

> I came to the conclusion that [] [Teresa Kelly] felt that her job was in jeopardy, since Mr. Stone was going to have me perform some of her tasks while she was on vacation, and also because the unfavorable audit was on her watch. . . . I feel that she retaliated by getting rid of me as quickly, sneakily, as possible.

(Id.) Thus, as is readily apparent, the complaint does not allege a plausible Title VII claim and is **DISMISSED**. Samuel v. Bellevue Hosp. Ctr., 366 F. App'x 206, 207 (2d Cir. 2010) (summary order) (affirming dismissal of the plaintiff's employment discrimination claim on the basis that he

"failed to allege sufficient facts to render plausible his conclusory assertion that the defendants discriminated against him on the basis of his membership in a protected class").

However, given her pro se status and in an abundance of caution, Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this Order to correct the deficiencies set forth herein. Grullon v. City of New Haven, 720 F.3d 133, 139–40 (2d Cir. 2013) ("A pro se complaint should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (quotations, brackets, and citation omitted). Any amended complaint must be clearly labeled "Amended Complaint," bear the same docket number as this Order, 18-CV-5116 (JMA) (GRB), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so Plaintiff must include any allegations she wishes to pursue against any proper defendant in the amended complaint. If Plaintiff does not timely file an amended complaint, judgment shall be entered without further notice and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of the Court shall mail a copy of this Order to the Plaintiff.

**SO ORDERED.**

Dated: February 4, 2019
Central Islip, New York

_/s/ JMA_
Joan M. Azrack
United States District Judge