FILED
CLERK
3/11/2019 3:53 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
REGINA PERRY,

                      Plaintiff,

     -against-                                    ORDER
                                                  18-CV-5116 (JMA) (GRB)
TERESA KELLY,

                      Defendant.
----------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On September 10, 2018, plaintiff Regina Perry ("Plaintiff") commenced this action against defendant Teresa Kelly ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Accompanying the complaint was an application to proceed in forma pauperis. (ECF No. 2.)

On February 4, 2019, the Court issued an Order granting Plaintiff's motion to proceed in forma pauperis but dismissed Plaintiff's complaint for failure to state a claim. (ECF No. 5.) The Court also granted Plaintiff leave to file an amended complaint within thirty (30) days from the date of the Order. (ECF No. 5.) The Order stated that if Plaintiff does not timely file an amended complaint, judgment shall be entered without further notice and this case will be closed. To date, Plaintiff has not filed an amended complaint.

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal,

> (3) whether defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has failed to timely file an amended complaint. The Court warned Plaintiff that failure to file an amended complaint could result in the dismissal of the case. Plaintiff's failure to comply with the Court's Order constitutes grounds for dismissal. Accordingly, this case is dismissed for failure to prosecute, and the Clerk of Court is directed to close this case. The Clerk of the Court is respectfully directed to mail a copy of this Order to the Plaintiff and close the case.

**SO ORDERED.**

Dated: March 11, 2019
Central Islip, New York

/s/ JMA
Joan M. Azrack
United States District Judge